**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4217**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMANZE ANTOINE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:18-cr-00017-IMK-MJA-1)

Submitted: October 28, 2021

Decided: December 2, 2021

Before AGEE and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amanze Antoine was convicted, following a jury trial, of conspiracy to violate federal firearms laws, 18 U.S.C. §§ 371, 922(a)(6); conspiracy to distribute cocaine base, 21 U.S.C. §§ 841(b)(1)(C), 846; and unlawful possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to concurrent 120-month terms of imprisonment on each count. The district court entered the criminal judgment in March 2019, shortly before the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (clarifying "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm").

Antoine first contends that his § 922(g) conviction must be vacated in light of *Rehaif*, because the district court erroneously instructed the jury that it was not necessary for the Government to prove that he knew that he was a convicted felon or that he knew that he was prohibited from possessing a firearm, and because the Government did not present evidence that he knew that he was prohibited from possessing a firearm. Because he did not raise these claims in the district court, we review them for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). To establish plain error, Antoine must demonstrate (1) an error (2) that is plain and (3) that "affected [his] substantial rights," which generally requires "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018) (internal quotation marks omitted).

2

Because the court instructed the jury that the Government did not need to prove that the defendant knew he was a convicted felon at the time he possessed the firearm, Antoine has established that an error occurred and that the error was plain. However, Antoine cannot establish that the error affected his substantial rights. "In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. Antoine has made no such argument or representation. Further, as in *Greer*, Antoine's prior convictions are "substantial evidence" that Antoine knew he was a felon when he possessed a firearm, because he had prior felony convictions for which he served terms of imprisonment exceeding one year. *See id.* at 2097 ("In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.").

Additionally, at the time of the offense, Antoine was under active supervision following his prison term on a felony weapons conviction. The evidence adduced at trial further supports the conclusion that Antoine knew of his prohibited status at the time he possessed the firearms. We therefore conclude that Antoine has not demonstrated plain error with regard to his § 922(g) conviction.

Antoine next argues that the district court erred in its voir dire questioning of a prospective juror. Because Antoine did not object to the court's inquiry or to the seating

3

of this person on the jury, this issue is reviewed for plain error. *United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017).

In response to the question whether any member of the prospective jury had an immediate family member who was employed as a law enforcement officer, one juror stated that her husband's nephew was a police officer. The court asked whether there was anything about this relative's work that would affect the juror's ability to be fair to both sides and asked the name of the relative. The juror responded with the name of the relative and the court inquired whether he was involved in the investigation of Antoine. The court did not receive a response to the question whether the relative's employment would affect the potential juror's ability to be impartial. Antoine contends that this amounts to reversible error.

The district court's determination of whether a juror can be impartial and is therefore qualified to serve on a jury is reviewed for abuse of discretion. *United States v. Barnette*, 211 F.3d 803, 812 (4th Cir. 2000) (noting that such decisions turn largely on assessments of demeanor and credibility and therefore are accorded great deference); *see United States v. Bertoli*, 40 F.3d 1384, 1393-94 (3d Cir. 1994) (voir dire is proper method of ascertaining possible prejudice or bias of the jurors, but the method of conducting such voir dire is left to the sound discretion of the trial court).

Although the district court did not, in response to *this* particular inquiry, obtain this panel member's assurance that she could fairly and impartially decide Antoine's case, we nevertheless conclude based on the totality of the record that Antoine cannot show that the juror was biased or that her service as a juror in his case affected his substantial rights.

4

Notably, the district court inquired several times of all prospective jurors concerning their ability and willingness to return a verdict based solely on the evidence and whether they would be inclined to credit law enforcement officers' testimony over non-officers. No member of the prospective jury answered in the affirmative. And twice, based on her responses to voir dire questions, the court specifically asked this particular juror whether, in light of her responses, she could be fair to both sides and whether she had the proper state of mind to serve on a jury. She gave affirmative responses. Accordingly, we find no error, much less plain error, in the seating of this juror.

Finally, Antoine, who is represented by counsel, seeks to file pro se supplemental briefs. However, "an appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal." *United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018). We therefore deny Antoine's motions for leave to file supplemental pro se briefs.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*